UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| MARTHA AKERS, | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1525 (RMU) |
| v. | : | Re Document Nos.: | 44, 55, 57, 58, 68 |
| LIBERTY MUTUAL GROUP, | : | | |
| Defendant. | : | | |

### MEMORANDUM OPINION

DENYING WITHOUT PREJUDICE THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
DENYING THE DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S AFFIDAVIT;
DENYING THE DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S AMENDED AFFIDAVIT;
DENYING THE DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S SECOND AMENDED
AFFIDAVIT; GRANTING THE DEFENDANT'S MOTION TO STRIKE THE PLAINTIFF'S SUR-REPLY

### I. INTRODUCTION

The *pro se* plaintiff had a homeowner's insurance policy with the defendant, Liberty Mutual Group. After the plaintiff's insured property was damaged in a fire, the plaintiff filed an insurance claim which was subsequently denied. The plaintiff commenced this action against the defendant alleging breach of contract and demanding specific performance. The matter is now before the court on the defendant's motion for summary judgment. Because the defendant relies on hearsay and unauthenticated exhibits, the court denies the motion without prejudice.

## II. FACTUAL & PROCEDURAL BACKGROUND

The plaintiff owns a house on East Beach Drive N.W., Washington D.C. ("the property"). Compl. ¶ 4 The property was insured by the defendant pursuant to a homeowner's insurance policy in effect from November 24, 2006 to November 24, 2007 ("the policy"). *See generally* Def.'s Mot. for Summ. J. ("Def.'s Mot."), Ex. 2; Pl.'s Aff. in Resp. to Mot. for Summ. J. ("Pl.'s Aff."), Ex. 3.[1] The policy provided that in the event of a loss, the plaintiff, as the insured party, was required to (1) provide the defendant with prompt notice of the loss, (2) protect the property from further damage, (3) prepare an inventory of damaged personal property and (4) make the property and pertinent records available to the defendant upon request. Def.'s Mot., Ex. 2 ("Homeowners 3 Special Form") at 18; Pl.'s Opp'n, Ex. 3 at 24-25. The policy also excluded coverage for any "intentional loss," which it defined as "any loss arising out of any act committed . . . by or at the direction of an 'insured'; and with the intent to cause a loss." Homeowners 3 Special Form at 18.[2] Finally, the policy became void if the insured

---

[1] The plaintiff has filed three affidavits in response to the defendant's motion for summary judgment. *See generally* Pl.'s Aff.; Pl.'s Am. Aff.; Pl.'s 2d Am. Aff.. The defendant moves to strike these affidavits on the grounds that the Local Civil Rules do not contemplate more than one opposition. Def.'s Mot. to Strike the Pl.'s Aff.; Def.'s Mot. to Strike the Pl.'s Am. Aff.; Def.'s Mot. to Strike the Pl.'s 2d Am. Aff. Because the court construes these affidavits as part of the plaintiff's opposition to the defendant's motion for summary judgment, the court denies the defendant's motions to strike.

Additionally, the plaintiff filed a sur-reply in opposition to Liberty Mutual's motion to strike the plaintiff's second amended affidavit. Pl.'s Reply to Def.'s Reply to Plaintiff's Opp'n to Def.'s Mot. to Strike ("Pl.'s Sur-reply"). The defendant moves to strike the plaintiff's sur-reply. Def.'s Mot. to Strike Pl.'s Sur-reply. Because the Federal Rules of Civil Procedure and Local Civil Rules do not provide for the filing of a sur-reply without leave, *see* FED. R. CIV. P. 56; LCvR 7, the court grants the defendant's motion and orders that the plaintiff's sur-reply be stricken.

[2] The policy submitted to the court by the plaintiff is missing pages, including the page containing the "intentional loss" exclusion. *Compare* Pl.'s Aff., Ex. 3 *with* Def.'s Mot., Ex. 2.

"[i]ntentionally concealed or misrepresented any material fact or circumstance; [e]ngaged in fraudulent conduct; or [m]ade false statements." *Id.* at 34.

On or about July 5, 2007, the property sustained fire damage. Compl. ¶ 5. Shortly thereafter, the plaintiff submitted a claim for loss. *See* Def.'s Mot., Ex. 3 ("Gould Aff.") ¶ 3. The defendant denied the claim on September 19, 2007 on the grounds that the plaintiff had "failed to comply with the terms and conditions of the policy." Def.'s Mot., Ex. 14 at 3. More specifically, the defendant asserted that the plaintiff failed to comply with policy's provisions regarding the insured's duties after loss and engaged "in concealment, fraud, material misrepresentation, false statements, and non-cooperation" thereby rendering the policy void. *Id.* at 1, 3.

The plaintiff commenced this action against the defendant on July 3, 2008 alleging breach of contract and demanding specific performance. *See generally* Compl. The defendant has moved for summary judgment. *See generally* Def.'s Mot.

### III. ANALYSIS

#### A. Legal Standard for Summary Judgment

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995). To determine which facts are "material," a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A

"genuine issue" is one whose resolution could establish an element of a claim or defense and, therefore, affect the outcome of the action. *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "the mere existence of a scintilla of evidence" in support of its position. *Id.* at 252. To prevail on a motion for summary judgment, the moving party must show that the nonmoving party "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. By pointing to the absence of evidence proffered by the nonmoving party, a moving party may succeed on summary judgment. *Id.*

The nonmoving party may defeat summary judgment through factual representations made in a sworn affidavit if he "support[s] his allegations . . . with facts in the record," *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999) (quoting *Harding v. Gray*, 9 F.3d 150, 154 (D.C. Cir. 1993)), or provides "direct testimonial evidence," *Arrington v. United States*, 473 F.3d 329, 338 (D.C. Cir. 2006). Indeed, for the court to accept anything less "would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene*, 164 F.3d at 675.

**B. The Defendant Has Failed to Support Its Motion With Admissibile Evidence**

The defendant submitted thirty-seven exhibits in support of its motion for summary judgment. *See generally* Def.'s Mot, Exs. 1-37. Chief among these exhibits is an affidavit by

Maureen Gould, an investigator in Liberty Mutual's Special Investigative Unit. *See generally* Gould Aff.

The plaintiff argues that Liberty Mutual's motion for summary judgment should be denied because it relies extensively on Gould's affidavit. *See* Pl.'s 2d Am. Aff. ¶ 1. The plaintiff contends that Gould's affidavit "is defective [p]ursuant to [Federal Rule of Civil Procedure] 56(e)(1)" because there are "no affidavits, sworn or certified copies of original recorded sessions or facts [r]eferred to . . . [or incorporated] by reference[]." *Id.* ¶ 3.

The defendant counters that Gould's affidavit does not violate Rule 56(e)(1) because Gould "never indicated in her affidavit that she was relying upon either an affidavit from or recording of [the] persons [listed by the plaintiff]." Def.'s Reply at 4. The defendant maintains that Gould's affidavit "is based on her direct personal knowledge of *what those persons reported to her*, which thereafter comprised information considered by the defendant in the scope of its investigation of the alleged accidental fire loss, again about which Ms. Gould had personal knowledge." *Id.* (emphasis added). Additionally, the defendant asserts that its motion does not rely exclusively on Gould's affidavit but that it rather "cited and relied upon 37 exhibits." Def.'s Reply at 7.

At the summary judgment stage, "supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Greer v. Paulson*, 505 F.3d 1306, 1315 (D.C. Cir. 2007) (quoting FED. R. CIV. P. 56(e)). Because the objective of summary judgment is to prevent unnecessary trials, and because "[v]erdicts cannot rest on inadmissible evidence," it follows that the evidence considered at summary judgment

must be capable "of being converted into admissible evidence." *Id.* at 1369; *see also Cornier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (refusing to consider at the summary judgment stage a plaintiff's affidavits because they were not based on personal knowledge and relied on hearsay statements); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (holding that "absent a showing of admissibility" an appellant could not rely on a third party's description of an expert's anticipated testimony to oppose summary judgment); *Cotton v. Wash. Metro. Area Transit Auth.*, 2004 WL 473658, at *6 (D.D.C. Mar. 3, 2004) (stating that "[t]he evidence that the party offers to make the requisite showing [at summary judgment] must be evidence of the character which would be admissible [at trial]" (citing *Simpkins v. Wash. Metro. Area Transit Auth.*, 2 F. Supp. 2d 52, 56-57 (D.D.C. 1998))).

Hearsay, which is a "a statement, other than one made by the declarant . . . offered in evidence to prove the truth of the matter asserted," FED. R. EVID. 801(c), is inadmissible unless it falls within a statutory exception, *see generally id.* 801-07. "'[S]heer hearsay . . . counts for nothing' on summary judgment." *Greer*, 505 F.3d at 1315 (quoting *Gleklen v. Democratic Cong. Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.D.C. 2000)); *see also Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 703 (6th Cir. 2000); *Macuba v. DeBoer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999) (reversing the lower court's denial of summary judgment because the district court erred in considering the plaintiff's hearsay testimony as substantive evidence); *Md. Highways Contractors Ass'n, Inc. v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991) (relying on decisions by other circuits which conclude that "hearsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment").

Gould's affidavit is replete with statements made by and information learned from third parties other than Gould. *See generally* Gould Aff. The affidavit recites numerous statements made by Nicole Ragsdale, the Claims Representative assigned to the plaintiff's insurance claim, concerning information that Ragsdale learned during her telephone conversation and meeting with the plaintiff. Gould Aff. ¶¶ 6- 9. Furthermore, Gould describes in her affidavit conversations between Lisa Mild, a Senior Property Loss Specialist with the defendant, and Richard Locke, a consultant hired by the defendant to investigate the cause and origin of the fire. *Id.* ¶¶ 10-11. Gould also recounts telephone conversations between Mild and the plaintiff. *Id.* ¶¶ 13, 39-40.

Additionally, Gould provides information gathered from her interviews with the plaintiff's neighbors (Gloria Young and Michael Gizaw), *see id.* ¶¶ 19-20, Tomi Rucker, the District of Columbia Fire Department Investigator, *id.* ¶ 39, and three realtors who had listed the plaintiff's property in 2007 (Julie Garnier, Barry Levy and Carl Kramer), *id.* ¶¶ 25-27. Gould also relays information that Rucker learned from a representative of Briceno Construction, a company that allegedly conducted work on the plaintiff's property. *Id.* ¶ 37. Lastly, Gould describes in her affidavit information that she learned from the plaintiff's deposition. *Id.* ¶ 35.

The court presumes, as the defendant has not argued otherwise, that these statements are being offered by the defendant for their truth. *See generally* Def.'s Mot; Def.'s Reply. Thus, the court concludes that the third party conversations and statements referenced in Gould's affidavit are hearsay. *See* FED. R. EVID. 801(c). The defendant does not argue that these hearsay

statements would be otherwise admissible because they fall under a hearsay exception.[3] *See*
FED. R. EVID. 801-07; *see generally* Def.'s Mot. Accordingly, Gould's description of statements made by Ragsdale, Mild, Locke, Fire Investigator Rucker, the plaintiff's neighbors, the realtors or the plaintiff cannot be considered for their truth. *See Gleklen*, 199 F. 2d at 1369.

In addition to Gould's affidavit, the defendant provides other exhibits to support its motion for summary judgment. Notably, these exhibits include the plaintiff's insurance application and the policy, Def.'s Mot., Exs. 1-2, as well as an unsworn recorded statement by the plaintiff taken by the defendant, *id.*, Ex. 4, correspondence between the defendant and the plaintiff, *id.*, Exs., 7-11, 14-21, the plaintiff's tax return statements, *id.*, Exs. 26-27, and the plaintiff's bank and mortgage records, *id.*, Exs. 5, 28-37.

"[U]nsworn, unauthenticated documents cannot be considered on a motion for summary judgment." *Orsi v. Kirkwood*, 999 F.2d 86, 92 (4th Cir. 1993) (citing *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550-51 (9th Cir. 1990); *Martz v. Union Labor Life Ins. Co.*, 757 F.2d 135, 138 (7th Cir. 1985)); *see also Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (stating that "[d]ocuments supporting or opposing summary judgment must be properly authenticated" (citing FED. R. CIV. P. 56(e))); *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 636 (8th Cir. 2000) (stating that "[t]o be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of [Rule] 56(e)"

---

[3] It may, of course, be the case that some of the statements relied on by the defendant, particularly statements by the plaintiff, would be admissible as a hearsay exception or as non-hearsay. *See* FED. R. EVID. 801(d). The court, however, declines to address arguments that the defendant did not bother to make. *See Burdett v. Miller*, 957 F.2d 1375, 1380 (7th Cir. 1992) (noting that the court "looks to the parties to frame the issues" for judgment and is not obligated to "point out to counsel a line of argument or inquiry that he has overlooked").

and that "[d]ocuments which do not meet those requirements cannot be considered"); *Nnadili v. Chevron U.S.A., Inc.*, 435 F. Supp. 2d 93, 104-05 (D.D.C. 2006) (refusing to consider on summary judgment the "maps on which [the defendant] relies" because they were "presented without any affidavit explaining who prepared them, how they were prepared, and whether they [address the issue at stake]").

The defendant contends that it is entitled to summary judgment because the plaintiff violated the relevant provisions of the insurance policy. *See generally* Def.'s Mot. Accordingly, the contents of the plaintiff's insurance application and policy are of critical importance to the court's consideration of the defendant's motion. Additionally, the defendant provides other exhibits, such as the plaintiff's unsworn recorded statement, correspondence, mortgage and bank records, and tax return statements, to demonstrate that the plaintiff provided conflicting, incomplete or misleading responses to questions about her principal residence, her whereabouts at the time of the fire, employment history, income and sources of income, ownership of other real property, financial condition, outstanding debts and the existence and location of documents supporting the plaintiff's claim of loss. *See generally* Def.'s Mot. The defendant has failed, however, to authenticate any of these exhibits or to identify any exhibits as self-authenticating. *See generally id.*, Exs. 1-37. Thus, the defendant bases its summary judgment motion on evidence that is in large part inadmissible. *See Orsi*, 999 F.2d at 92.

It is not this court's role to sift through Liberty Mutual's thirty-seven exhibits and parse out inadmissible evidence from that which is properly before this court. *Cf. Potter v. Dist. of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (stating that "judges are not like pigs, hunting for truffles buried in . . . the record" (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.

9

1991) (internal quotation marks omitted))). Nor is it appropriate for the court to speculate as to what arguments the defendant might put forth with regard to the admissibility of this evidence. *See Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (stating that "[t]he court's role is not to act as an advocate for the [party] and construct legal arguments on his behalf in order to counter those" in an opposing motion). Accordingly, the defendant's motion for summary judgment is denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court denies without prejudice the defendant's motion for summary judgment, denies the defendant's motions to strike the plaintiff's affidavits and grants the defendant's motion to strike the plaintiff's sur-reply. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of September, 2010.

RICARDO M. URBINA  
United States District Judge