UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARTHA A. AKERS, | : | |
| Plaintiff, | : | Civil Action No.: 08-1525 (RMU) |
| v. | : | Re Document Nos.: 79, 81, 83 |
| LIBERTY MUTUAL GROUP, | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

DENYING THE PLAINTIFF'S AMENDED MOTION FOR RELIEF UPON RECONSIDERATION;
GRANTING THE PLAINTIFF'S MOTION FOR SUBMISSION OF SUPPLEMENTAL EXHIBITS

### I. INTRODUCTION

This matter is before the court on the plaintiff's motion for relief upon reconsideration of the court's order extending the deadlines for discovery and dispositive motions in this case. Because the plaintiff has not complied with her discovery obligations and has failed to appear for her deposition on two separate occasions, the court declines to reconsider its decision to extend the discovery and dispositive motion deadlines.

### II. FACTUAL & PROCEDURAL BACKGROUND

The *pro se* plaintiff had a homeowner's insurance policy with the defendant, Liberty Mutual Group.[1] Notice of Removal, Ex. A. ("Compl.") ¶ 4. After the plaintiff's insured property was damaged in a fire, the plaintiff filed an insurance claim which the defendant denied.

---

[1] The factual background of this case is detailed in an earlier memorandum opinion. *See* Mem. Op. (Sept. 28, 2010) at 2-3.

*See id.* On July 8, 2008, the plaintiff commenced this action in the Superior Court of the District of Columbia, alleging breach of contract and demanding specific performance. *See generally id.*

On March 24, 2009, after the defendant removed the case to this court, *see generally* Notice of Removal, the court held an initial status hearing, *see* Minute Entry (Mar. 24, 2009). During that hearing, the court set various dates to govern this litigation, including a discovery deadline of September 25, 2009. *Id.*

On October 8, 2009, the court held an interim status hearing, during which the defendant informed the court that the plaintiff had not responded to the defendant's discovery requests in a timely fashion. Hr'g Tr. (Oct. 8, 2009) at 5-7. The defendant requested an extension of the discovery period so as to give it time to analyze the documents that had just been produced and to determine whether any additional discovery was needed based on those documents. *Id.* at 9. The plaintiff explained that her limited resources prevented her from timely compliance and "ask[ed] the Court to have some leniency." *Id.* at 10. The plaintiff also joined in the defendant's oral motion for a continuance of the discovery deadline, explaining that she too had not had time to review the documents that the defendant had produced during discovery. *Id.* at 10-11. Accordingly, the court extended the discovery deadline to December 9, 2009 and ordered the parties to file any dispositive motions by January 8, 2010. *See* Minute Entry (Oct. 8, 2009).

As discovery was drawing to a close, the defendant filed a motion for sanctions against the plaintiff, claiming that she failed to appear for her properly noticed deposition on December 8, 2009. *See* Def.'s Mot. for Sanctions ¶ 1. The plaintiff filed a notice claiming that the defendant had not obtained leave of court to take her deposition as required under Federal Rule

of Civil Procedure 30.[2]  *See generally* Pl.'s Notice of Taking Oral Deposition.  These filings were stricken from the record due to the parties' failure to comply with the court's requirement that the parties obtain leave from the court prior to filing any discovery-related motions.  *See* Standing Order (Oct. 20, 2009) ¶ 9.  The parties did not make any attempt to refile their submissions.

On January 11, 2010, the defendant filed a motion for summary judgment.  *See generally* Def.'s Mot. for Summ. J.  The plaintiff opposed the motion, arguing that the defendant had relied on evidence that was inadmissible and unreliable.  *See generally* Pl.'s Opp'n.  The court, agreeing with the plaintiff that the defendant had primarily relied upon hearsay and unauthenticated exhibits, denied the defendant's motion without prejudice.  *See* Mem. Op. (Sept. 28, 2010) at 1.  The court subsequently ordered the parties to file a joint status report proposing a schedule to govern future proceedings, including the filing of future dispositive motions.  Minute Order (Dec. 28, 2010).

The parties, however, proved incapable of collaborating on such a joint effort, and, instead of filing a joint status report, each party filed a separate status report.  *See* Def.'s Mot. for Leave to File a Separate Status Report & Proposed Schedule ¶ 2 ("Notwithstanding the Court's direction that a Status Report herein be joint, it is the Defendant's experience that a joint agreement by the parties on any matter is not possible, and . . . the parties do not jointly agree on any matter, fact, event or occurrence presently before the Court."); Pl.'s Separate Status Report at 1 ("The parties conferred and were unable to reach an agreement regarding a joint submission for proposed further proceedings").  In its status report, the defendant stated that although it filed

---

[2]  For the sake of the *pro se* plaintiff, the court notes that a defendant is not usually required to seek leave prior to deposing a party.  *See* FED. R. CIV. P. 30(a)(1).  No special circumstances appear to exist here which would exempt the plaintiff from attending her properly noticed deposition.  *See id*. 30(a)(2).

a motion for sanctions after the plaintiff failed to appear for her deposition, it did not refile that motion after it was stricken because of the looming deadline for dispositive motions. Def.'s Mot. for Leave to File a Separate Status Report & Proposed Schedule, Ex. A ("Def.'s Status Report") at 2-3. Nevertheless, the defendant asserted that the "[a]uthentication issues" pointed out by the court in denying its previous motion for summary judgment would have been addressed "had [the plaintiff] not improperly refused to appear [for her December 9, 2009 deposition] without leave to do so." *Id.* at 3. In light of the plaintiff's "conduct . . . during discovery in advance of the dispositive motions deadline," the defendant requested additional time in which to conduct discovery and proposed future dispositive motions deadlines. *Id.* at 4.

The plaintiff, in her separate status report, argued that the "restart of the schedule and discovery should not be allowed and the matter should proceed to trial." Pl.'s Separate Status Report at 2. The plaintiff asserted that "[i]f Defendants had a legitimate claim, pursuant to the scheduling Order, the Defendants had a time frame to address the court or motion the court with a valid claim." *Id.* at 1.

On March 30, 2011, the court, after considering the parties' separate status reports, imposed a new discovery deadline of May 31, 2011 and a dispositive motions deadline of June 29, 2011. Order (Mar. 30, 2011). The court also noted that no further extensions of time would be granted absent extraordinary circumstances. *Id.*

The matter now returns before the court on the *pro se* plaintiff's motion for relief upon reconsideration[3] of the court's March 30, 2011 order extending the discovery deadline in this

---

[3] The plaintiff styles her motion as a "Motion to Amend or Correct the March 30, 2011 Order," which she amended on April 20, 2011. Because her motion asks the court to reconsider its March 30, 2011 order, the court construes the plaintiff's motion as a motion for relief upon reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

case until May 31, 2011. *See generally* Pl.'s Am. Mot. for Relief Upon Reconsideration.[4] With that motion ripe for consideration, the court turns to the parties' arguments and the applicable legal standards.

## III. ANALYSIS

### A. Legal Standard for a Rule 59(e) Motion

A motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of the judgment at issue. FED. R. CIV. P. 59(e). While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Rule 59(e) motions "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear legal error or prevent manifest injustice." *Ciralsky v. Cent. Intelligence Agency*, 355 F.3d 661, 671 (D.C. Cir. 2004) (quoting *Firestone*, 76 F.3d at 1208). Moreover, "[a] Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), or a vehicle for presenting theories or arguments that could have been advanced earlier, *Kattan v. Dist. of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

---

[4] The plaintiff subsequently filed a motion for submission of supplemental exhibits, all of which are documents relating to the plaintiff's property at issue in this case. *See generally* Pl.'s Mot. for Submission of Supplemental Exhibits. It is not clear to the court what relevance these documents have to these proceedings. *See generally id.* Although the court has reviewed these supplemental filings and grants the plaintiff leave to supplement her motion, they do not impact the court's decision to deny her request for relief upon reconsideration of its March 30, 2011 order for the reasons elaborated in this order.

5

### B. The Court Denies the Plaintiff's Motion for Relief Upon Reconsideration

The plaintiff argues that the defendant's efforts to proceed with discovery violate her "due process and adjudication rights" under the Fifth and Seventh Amendments and have only exacerbated the depression and economic hardships she is suffering. *See* Pl.'s Am. Mot. for Relief Upon Reconsideration at 2. The plaintiff asserts that she has complied with discovery and that any "further delay is peccadillo." *Id.*

In response, the defendant argues that it only seeks to conduct the discovery that had not been obtained due to the plaintiff's discovery violations, namely her failure to appear for a noticed deposition. Def.'s Opp'n at 1. The defendant also asserts that on April 20, 2011, the plaintiff failed to appear for a properly noticed deposition without first moving to quash the notice or for a protective order. *Id.* at 2; *see also* Def.'s Periodic Report ¶ 2. The defendant contends that the plaintiff's motion is "part of a broad and continuous strategy of obstructing and preventing the Defendant from obtaining testimony from her under oath" and that she is "purposefully disregard[ing] the Defendant's rights, the court's authority, and the applicable rules of procedure." Def.'s Opp'n at 2.

Although the court recognizes the general principle that *pro se* litigants are provided with some latitude in maneuvering through the trial process, *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993), this by no means provides a *pro se* plaintiff with a "license . . . to ignore the Federal Rules of Civil Procedure." *Id.* To be clear, a plaintiff is obligated to prosecute her lawsuit in accordance with the Federal Rules of Civil Procedure and the local rules of this court. *Clariett v. Rice*, 2005 WL 3211694, at *4 (D.D.C. 2005) ("Even a pro se litigant . . . must comply with the Federal Rules of Civil Procedure."). Moreover, under the Federal Rules of Civil Procedure and the Local Rules, the court has the discretion to dismiss a complaint with

prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules or fails to follow court orders. FED. R. CIV. P. 41(b); LCvR 83.23.

The Federal Rules of Civil Procedure also authorize the court to dismiss a matter when a plaintiff has failed to participate in discovery. FED. R. CIV. P. 37(b) (providing that a court may dismiss an action if a party fails to obey a court's order compelling discovery); *see also Weisberg v. Webster*, 749 F.2d 864, 869 (D.C. Cir. 1984) (affirming the district court's dismissal of a case in which the plaintiff refused to respond to the defendant's discovery requests); *Handy v. Shaw, Bransford, Veilleux & Roth*, 2006 WL 3791387, at *7-8 (D.D.C. Dec. 22, 2006) (dismissing the case pursuant to Rule 37 due to the plaintiff's noncompliance with the court's orders requiring that the plaintiff comply with her discovery obligations). This is because "[l]itigants who are willful in halting the discovery process [not only] act in opposition to the authority of the court and cause impermissible prejudice to their opponents," but also "deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." *Weisberg*, 749 F.2d at 872 (quoting *G-K Props. v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978)).

The plaintiff, who currently has four cases before this court, is no stranger to litigation or the rules of this court. *See Akers v. Liberty Mut. Group*, Civ. No. 08-1525; *Akers v. Beal Bank*, Civ. No. 09-724, *Akers v. Winward Capital Corp.*, Civ. No. 10-1300, *Akers v. Winward Capital Corp.*, Civ. No. 11-674. Indeed, she has been warned on various occasions – both in this case as well as in others – that she must familiarize herself with the rules of procedure and actively prosecute her case or risk dismissal. *See e.g.*, Hr'g Tr. (Oct. 8, 2009) at 13 (noting that the court found the plaintiff to be "quite capable" and underscoring that "from this point forward" the plaintiff was going to have to study the rules to ensure her compliance); *Akers v. Beal Bank*,

2011 WL 81438, at *3 (D.D.C. Jan. 11, 2011) (warning the plaintiff that her "failure to participate in these proceedings will lead to the dismissal of her complaint").

After carefully considering the status of this case and the fact that the defendant had not yet deposed the plaintiff, the court, in its discretion, granted the parties until May 31, 2011 to conclude discovery. *See* Order (Mar. 31, 2011). The defendant now asserts that the plaintiff failed to appear yet again for a second noticed deposition on April 20, 2011. *See* Def.'s Opp'n at 2. The court will not tolerate any more needless prolonging of this litigation on account of the plaintiff's failure to comply with her discovery obligations. The court denies the plaintiff's motion for reconsideration of the court's March 30, 2011 order and amends that order to allow for discovery until June 15, 2011 for the sole purpose of allowing the defendant to depose the plaintiff. All other discovery shall conclude by May 31, 2011 and dispositive motions are due by July 29, 2011.

Additionally, the defendant is hereby granted leave to file a motion to compel the plaintiff's attendance at her deposition. Let there be no doubt that if the plaintiff fails to comply with any of the court's future orders regarding discovery, the court will promptly dismiss this case under Rule 37. *See Emile v. Santa*, 895 F.2d 1468, 1468 (D.C. Cir. 1990) (affirming the district court's discretionary decision to dismiss a case for noncompliance with the court's order compelling discovery and not requiring the district court to "first resort to a less severe sanction").

## IV. CONCLUSION

For the foregoing reasons, the court denies the plaintiff's motion for relief upon reconsideration of the court's March 30, 2011 order. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 20th day of May, 2011.

RICARDO M. URBINA
United States District Judge